**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN RE: ASBESTOS LITIGATION**

| | | |
|---|---|---|
| DOROTHY CHARBONNEAU, individually and as personal representative of the estate of ROBERT CHARBONNEAU, deceased, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. N15C-01-045 ASB |
| v. | ) ) | |
| CLEAVER-BROOKS INC., et al., | ) ) | |
| Defendants. | ) | |

July 11, 2017

*Upon Defendant Cleaver Brooks*
*Motion for Summary Judgment*. **GRANTED**.

Plaintiff Dorothy Charbonneau cannot satisfy the summary judgment criteria.[1]  Plaintiff Dorothy Charbonneau (hereinafter "Plaintiff") alleges that her husband, Robert Charbonneau, was exposed to asbestos from Defendant Cleaver-Brooks boilers working as a maintenance man in Massachusetts.  Mr. Charbonneau worked as a maintenance man for Greeting Cards in Webster, Massachusetts from 1957 to 1960.  He stated that he believes he was exposed to asbestos from

---

[1] Super. Ct. Civ. R. 56; *Smith v. Advanced Auto Parts, Inc.*, 2013 WL 6920864, at *3 (Del. Super. Dec. 30, 2013); *see Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979); *Nutt v. A.C. & S., Inc.*, 517 A.2d 690, 692 (Del. Super. Ct. 1986); *In re Asbestos Litigation (Helm)*, 2012 WL 3264925 (Del. Aug. 13, 2012).

replacing gaskets and refractory on the boilers. Mr. Charbonneau was responsible for maintaining the boilers and testified that he worked on two Cleaver-Brooks boilers. Following his work at Greeting Cards, Mr. Charbonneau worked at Hammond Plastics (a/k/a Gordon Chemical). He testified that he worked on two Cleaver-Brooks boilers at the Oxford location. Mr. Charbonneau referred to an "older boiler" and a "new boiler" in his testimony. As to the "new boiler," Mr. Charbonneau testified that he did not install the boiler, but he installed the pipes after the boiler was installed. Mr. Charbonneau also testified that he removed a sectional boiler at Sacred Heart Church during employment with Smith Mechanical. He testified that the boiler may have been Cleaver-Brooks but stated that he believed this because "they had a lot of Cleaver-Brooks in the area." Plaintiff presented evidence that Cleaver-Brooks sold boilers that incorporated asbestos-gaskets and rope through the 1970s.

Defendant contends that Plaintiff's claims fail under Massachusetts law because a manufacturer does not owe a duty to warn for asbestos dangers from other manufacturers' parts. Further, Defendant argues that Plaintiff failed to prove a strict liability claim because Massachusetts does not recognize strict liability in tort. Rather, Massachusetts adopted the Restatement (Second) of Torts § 402A limiting liability to "one who sells" a defective product. Defendant also argues that because Plaintiff failed to prove a wrongful death claim under Massachusetts

law, Plaintiff's punitive damages claim also fails because punitive damages are only recoverable in a wrongful death claim. Under Massachusetts law:

> To prove causation in an asbestos case, the plaintiff must establish (1) that the defendant's product contained asbestos (product identification), (2) that the victim was exposed to the asbestos in the defendant's product (exposure), and (3) that such exposure was a substantial contributing factor in causing harm to the victim (substantial factor).[2]

Plaintiff argues that under *Morin,* the court announced a "adjusted" and lessened standard of exposure necessary in asbestos cases. Specifically, Plaintiff cites to the following portion of the opinion:

> Because the resulting injury may not emerge for years or decades after exposure, the law does not require the plaintiff or his or her witnesses to establish the precise brand names of the asbestos-bearing products, the particular occasions of exposure, or the specific allocation of causation among multiple defendants' products. Evidence will be sufficient to reach the fact finder if it permits the reasonable inference of the presence at a work site of both the plaintiff and the defendant's asbestos-containing product for an appreciable period of exposure.[3]

Plaintiff avers that she is able to meet this standard under *Morin* and thus summary judgment is not appropriate. However, Plaintiff neglects to discuss that under Massachusetts law, also analyzed in *Morin*, Massachusetts does not hold a manufacturer liable "for failure to warn of risks created solely in the use or misuse

---

[2] *Morin v. AutoZone Ne., Inc.*, 943 N.E.2d 495, 499 (Mass. App. Ct. 2011).
[3] *Id.*

of the product of another manufacturer."[4] In *Morin*, the plaintiff asked the court to impose a duty to warn on a defendant because it was foreseeable to the defendant that "owners might repair its trailers with asbestos brakes from other manufacturers."[5] The *Morin* court stated that "[n]o Massachusetts precedent directly addresses [this] proposition,"[6] and that the court knew of three other jurisdictions "which had held that a manufacturer will not be liable for the risk caused solely by a third party's replacement asbestos product even if the use of the third party's product was reasonably foreseeable to the manufacturer."[7] The *Morin* court did not reach a decision on this issue because the court had "a ground for decision short of the proposed choice between adoption or rejection of a categorical rule or corollary."[8] Other Massachusetts cases have made it clear that to "prove causation in an asbestos case, it is plaintiff's principal burden to show that a defendant's product *contained asbestos* and that the victim was *exposed to the asbestos in the defendant's product*."[9] The issue here is that Plaintiff has not

---

[4] *See In re Asbestos Litig. (Cosner),* 2012 WL 1694442, at *1 (Del. Super. Ct. May 14, 2012)(citing *Dombrowski v. Alfa Laval, Inc.,* 2010 WL 4168848 (Mass. Super. Ct. July 1, 2010)). "Under Massachusetts law, a manufacturer has a duty to warn purchasers of dangers involved in the use of the product for which the manufacturer knows or should know. Accordingly, a manufacturer has 'no duty . . . to set forth . . . a warning of a possible risk created solely by an act of another that would not be associated with a foreseeable use or misuse of the manufacturer's own product." *Morin*, 943 N.E.2d at 505.
[5] *Morin*, 943 N.E.2d at 505.
[6] *Id.*
[7] *Id.* at 505, n. 10.
[8] *Id.* at 505.
[9] *Whiting v. CBS Corp.,* 2013 WL 530860, at *1 (Mass. Ct. App. Feb. 14, 2013)(emphasis added).

shown that her husband was exposed to asbestos from a product manufactured by Defendant. Under *Morin*, Plaintiff "must produce evidence of a degree of exposure greater than insignificant or de minimis."[10] Plaintiff's husband cleaned Defendant's boilers and described the process. His job involved replacing ripped gaskets and work with refractory cement. He believed that the parts contained asbestos because of the high-heat application, and he could not recall the name of the replacement parts. Thus, the main issue is whether Mr. Charbonneau was exposed to asbestos *from Defendant's product*. Plaintiff's brief did not address the issue of Defendant's liability for other manufactured products. However, the Court is reluctant to follow a foreseeability argument. Massachusetts has not held that this is the law of the State, and this Court will not find otherwise. Plaintiff's brief focuses on the parts of Defendant's boilers that contained asbestos. The list of asbestos parts includes gaskets, refractories, rope, and Plaintiff argues that Cleaver-Brooks sold asbestos-containing replacement gaskets, cement, and rope. Again, the only asbestos containing parts at issue in Mr. Charbonneau's case are gaskets and cement. The record indicates that Mr. Charbonneau's job was to replace these parts. The Court emphasizes that "Massachusetts courts have never held a manufacturer liable . . . for failure to warn of risks created solely in the use or

---

[10] *In re Asbestos Litig. (Bruce),* 2012 WL 1405714, at *2 (Del. Super. Feb. 21, 2012)(citing *Morin,* 943 N.E.2d at 499-500)).

misuse of the product of another manufacturer."[11]   There is no evidence in the record that the replacement parts Mr. Charbonneau worked with were asbestos parts manufactured or supplied by Defendant, Cleaver-Brooks.  As stated above, under *Morin*, it is Plaintiff's burden to show that Defendant's product *contained asbestos* and that the victim was *exposed to the asbestos in the defendant's product*.  Plaintiff has not met this burden.  Additionally, Mr. Charbonneau removed one boiler during the course of his employment and he was not sure whether the boiler was Cleaver-Brooks. Accordingly, for the reasons stated above, Defendant's Motion for Summary Judgment is hereby **GRANTED.**

**IT IS SO ORDERED.**

*/s/ Calvin L. Scott*

The Honorable Calvin L. Scott, Jr.

---

[11] *In re Asbestos Litig. (Cosner),* 2012 WL 1694442 (Del. Super. May 14, 2012)(citations omitted).