**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN RE: ASBESTOS LITIGATION**

| | | |
|---|---|---|
| SCOTT GLASER and SANDRA HURST, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. N15C-08-207 ASB |
| | ) | |
| SEARS ROEBUCK, CO., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

July 12, 2017

*Upon Defendant Sears Roebuck Company's.*
*Motion for Summary Judgment*. **GRANTED**.

Plaintiffs Scott Glaser and Sandra Hurst cannot satisfy the summary judgment criteria.[1]

Plaintiffs allege that Mr. Glaser was exposed to asbestos containing products as a carpenter at the following locations: Convention & Show Services, Inc. (1998-2006); Exhibit Works (1998); FBK Construction (1997-1998); Wonerlick Construction and Don Lueker Construction (1980s and 1990s); and Carpenters

---

[1] Super. Ct. Civ. R. 56; *Smith v. Advanced Auto Parts, Inc.*, 2013 WL 6920864, at *3 (Del. Super. Dec. 30, 2013); *see Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979); *Nutt v. A.C. & S., Inc.*, 517 A.2d 690, 692 (Del. Super. Ct. 1986); *In re Asbestos Litigation (Helm)*, 2012 WL 3264925 (Del. Aug. 13, 2012).

Union (1977-1980). The parties agree that this Motion is limited to exposure to floor tile sold by Defendant Sears Roebuck Company ("Defendant" or "Sears") that was used at the Penobscot Building in Detroit, Michigan from 1977-1978. Mr. Glaser testified that he cleaned up floor tile associated with Sears. The clean up process included cleaning up scraps or pieces of floor tile off the floor. He testified to sweeping up debris and dust on the floor. Defendant contends that Sears is a retailer of a variety of consumer products and it has never mined, milled, manufactured, processed, or distributed wholesale asbestos containing products. Plaintiffs' opposition to Defendant's Motion does not rebut Defendant's argument that it was a retailer of materials and *not* a manufacturer. Michigan law explicitly limits Plaintiff's claims to negligence and breach of express warranty. Michigan law provides:

> In a product liability action, a seller other than a manufacturer is not liable for harm allegedly caused by the product unless either of the following is true:
> (a) The seller failed to exercise a reasonable care, including breach of any implied warranty, with respect to the product and that failure was a proximate cause of the person's injuries;
> (b) The seller made an express warranty as to the product, the product failed to conform to the warranty, and the failure to conform to the warranty was a proximate cause of the person's harm.[2]

---

[2] Mich. Comp. Laws Ann. § 600.2947(6). The Sixth Circuit noted that "the Michigan legislature enacted a statutory revision to its tort law that limits a non-manufacturing seller's liability to instances where '[t]he seller failed to exercise reasonable care, including breach of any implied warranty, with respect to the product and that failure was the proximate cause of the person's injuries'." *See Dreyer v. Excel Indus., S.A.*, 2009 WL 1184846, at *5 (6th Cir. May 4, 2009).

Additionally under Michigan law, "the plaintiff must show that the product was sold in a defective condition, the defect caused the injury, *and* the seller failed to exercise reasonable care."[3]  Defendant contends that Plaintiffs have not put forth any evidence to demonstrate that the above elements are met.  Plaintiffs argue that they have met this burden by establishing that Sears became aware of the dangers of asbestos exposure in the 1970s.  However, the interrogatories that Plaintiff cites purportedly to prove that Sears "knew it was selling harmful, asbestos-containing floor tile" hardly supports that.  The interrogatory answer Plaintiff cites to states:

> Sears did not now and has never mined, milled, manufactured, processed or distributed wholesale asbestos-containing products as those terms are commonly used and understood in this litigation. Sears at all relevant times is and has been a retailer of various consumer products and services. As such, Sears ability to respond to this Request is limited by this role . . . However, based on available information and a reasonable and diligent investigation, Sears admits that certain floor tile sold by Sears during the relevant time period contained asbestos.

Thus, Plaintiffs' Motion supports Defendant's assertion that it was not a manufacturer of asbestos tiles.  However, Plaintiffs do not address Defendant's argument under Michigan law.  The Court finds Plaintiffs did not meet their burden under Michigan law to show that Sears sold a product in a defective condition, the defect caused the injury, and the seller failed to exercise reasonable care.  As an initial inquisition, under Michigan law manufacturers do not owe a

---

[3] *Dreyer*, 2009 WL 1184846, at *5 (citations omitted).

duty to warn of the dangers associated with another manufacturer's products. In *Dreyer*, the court pointed out that Michigan law does not impose a duty on a manufacturer to warn of dangers associated with another manufacturer's product.[4] Likewise, the court found that plaintiff was unable to show that the product was defective because the manufacturer had no duty to warn.[5] Thus, the plaintiff could not show that the product was sold in a defective condition and his breach of implied warranty claim failed. Additionally, *Dreyer* noted that the plaintiff offered "no support for the proposition that a non-manufacturing seller is under a duty to warn of the dangers associated with a product manufactured by another."[6] Accordingly, for the reasons stated above, Plaintiffs' claim against Defendant Sears Roebuck fails under Michigan law. Defendant's Motion for Summary Judgment is therefore **GRANTED.**

**IT IS SO ORDERED.**

/s/ Calvin L. Scott

_____

The Honorable Calvin L. Scott, Jr.

---

[4] *Dreyer*, 2009 WL 1184846, at *3.

[5] *Id.* In *Dreyer*, a plaintiff sued a manufacturer and a distributor of a paint sprayer after he was burned when the solvent he was using ignited. *Id.* at *1. The Court held that the manufacturer of the paint sprayer had no duty to warn of another manufacturer's defective product. "As explained above, we conclude that the paint sprayer was not defective due to inadequate warnings regarding the dangers of [the product] because the manufacturer did not owe a duty to issue those warnings." Thus, the plaintiff could not prove that the "product was sold in a defective condition," and the manufacturer was not liable for breach of implied warranty. *Id.*

[6] *Id.*