**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN RE: ASBESTOS LITIGATION**

SANDRA KIVELL, individually and as )
Personal Representative of the Estate of )
MILTON J. KIVELL, deceased, )
                                )
        Plaintiff, )
                                )     C.A. No. N15C-07-093 ASB
        v. )
                                )
GEORGIA PACIFIC CONSUMER )
PRODUCTS LP et al., )
                                )
        Defendants. )

March 26, 2018
*Upon Defendant Georgia Pacific's*
*Motion for Summary Judgment*
**GRANTED**.

**ORDER**

Plaintiff Sandra Kivell ("Plaintiff") cannot satisfy the summary judgment criteria.[1]

Plaintiff alleges that her husband, Milton Kivell ("Mr. Kivell") contracted mesothelioma which ultimately caused his death. Plaintiff filed a wrongful death action against numerous defendants including Georgia Pacific ("Defendant"). Defendant filed a Motion for Judgment on the Pleadings. Defendant contends that

---

[1] Super. Ct. Civ. R. 56; *Smith v. Advanced Auto Parts, Inc.*, 2013 WL 6920864, at *3 (Del. Super. Dec. 30, 2013); *see Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979); *Nutt v. A.C. & S., Inc.*, 517 A.2d 690, 692 (Del. Super. Ct. 1986).

Plaintiff failed to timely assert her wrongful death and survival actions pursuant to Louisiana Law. Defendant contends that Louisiana's wrongful death statute expressly states that such claims are actionable for one year from the death of the decedent.[2] Similarly, Louisiana survival statute states that the right to recover is "for a period of one year from the death of the deceased."[3] Here, Mr. Kivell passed away on September 5, 2015, and Plaintiff filed the wrongful death and survival action on September 30, 2016. Defendant argues that the applicable Louisiana statute bars Plaintiff from asserting these claims. On the other hand, Plaintiff asserts that the wrongful death claim relates back to the original Complaint pursuant to Superior Court Civil Rule 15(c). Plaintiff claims that because Delaware procedural law applies to this case, the relation back of statutes of limitations are generally considered to be procedural rather than substantive.

First, Louisiana's statute of limitations regarding the wrongful death claim applies. 10 *Del. C.* § 8121 states:

> Where a cause of action arises outside of this State, an action cannot be brought in a court of this State to enforce such cause of action after the expiration of whichever is shorter, the time limited by the law of this State, or the time limited by the law of the state or country where the cause of action arose, for bringing an action upon such cause of action. Where the cause of action originally accrued in favor of a person who at the time of such accrual was a resident of this State, the time limited by the law of this State shall apply.

---

[2] La. Civ. Code art. 2315.2.
[3] La. Civ. Code art. 2315.1.

2

Additionally, Plaintiff does not seem to argue that Louisiana statute of limitations does not apply. Rather her argument is focused on whether the claims are amendments to the original pleading. Thus the Court must determine if the second amended complaint relates back to the date of the original complaint. As the Court wrote in a footnote in an earlier Order in this case, the Court is not persuaded that under Delaware law the wrongful death action relates back to the original pleading. This is because the wrongful death action and survivorship action are not an amendment to the original complaint, rather they are supplemental pleadings. Under Superior Court Civil Rule 15(c), an amendment of a pleading relates back to the original pleading when: (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or; (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.[4]

Under Delaware law, the difference "between an amended and supplemental complaint is drawn within Rules 15(a) and 15(d) and relates to the time frame in which the matters to be added to the complaint occurred."[5] However, "Rule 15(d), in contrast, specifies that a 'supplemental' complaint refers to a complaint in which the plaintiff adds to the original complaint by 'setting forth transactions or

---

[4] Super. Ct. Civ. R. 15(c).
[5] *Pella Corp. v. American Cas. Co. of Reading, P.A.*, 2012 WL 1408855, at *1 (Del. Super. Mar. 14, 2012).

occurrences or events which have happened *since* the date of the pleading sought to be supplemented'."[6] "When interpreting these two rules together, courts have implied that an amendment to a pleading, whether filed with or without leave of the court, should only relate to matters that have taken place prior to the date of the pleading to be amended."[7] The wrongful death and survivorship actions are not amendments to the original complaint, as they do not relate to matters that took place prior to the date of the pleading being amended. Plaintiff cites to a Louisiana case to support her proposition that the wrongful death and survivorship claims relate back under Louisiana Code of Civil Procedure. However, amending or supplementing proceedings are *procedural* rules, and Delaware procedure applies to that aspect of this case. For the aforementioned reasons, Plaintiffs wrongful death and survival claims are time barred. Defendant's motion for judgment on the pleadings is hereby **GRANTED**.

**IT IS SO ORDERED.**

/s/ Calvin L. Scott
The Honorable Calvin L. Scott, Jr.

---

[6] *Id.*
[7] *Id.*

4