# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ALLSTATE INDEMNITY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. N16C-02-048 JRJ |
| GENOVA PRODUCTS, INC., | ) ) ) | |
| Defendant. | ) | |

Date Submitted: July 12, 2017
Date Decided: August 15, 2017

## ORDER

Upon consideration of Defendant's Motion for Summary Judgment;[1] Plaintiff's Response;[2] Defendant's Reply;[3] and the record in this case, **IT APPEARS THAT:**

1. This case is a subrogation action brought by Allstate Indemnity Company ("Allstate") against Genova Products, Inc. ("Genova").[4] Allstate indemnified its insured for property damage allegedly caused by a faulty "CPVC tee fitting"

---

[1] Defendant's Motion for Summary Judgment ("Genova Mot.") (Trans. ID. 60667537).
[2] Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment ("Allstate Resp.") (Trans. ID. 60798919).
[3] Defendant's Reply Support Summary Judgment ("Genova Reply") (Trans. ID. 60842366).
[4] Compl. ¶ 1 (Trans. ID. 58524611).

manufactured by Genova.[5]  Allstate seeks monetary damages from Genova for negligent manufacturing.[6]

2.  Allstate alleges that the CPVC tee fitting on a pipe in its insured's house failed, causing a large amount of water to leak into the home, damaging the insured's realty and personal property.[7]  As part of its investigation, Allstate submitted the CPVC tee fitting to The Madison Group Plastic Consulting Engineers for analysis, and Antoine Rios, Ph.D. of The Madison Group issued a letter opinion, which states, in pertinent part:

> [The] CPVC pipe assembly [consists of] four straight sections, two union fittings and a tee fitting.  The tee fitting shows two longitudinal cracks along the expected location of the weld line.  The weld line is an inherently weak area created during manufacturing.  The external visual examination of the fitting appears to indicate that cracking was facilitated by a weak weld line, which would be considered a manufacturing defect.[8]

The allegedly defective weld line forms the basis of Allstate's claim of negligent manufacture against Genova.[9]

3.  In the instant Motion, Genova argues that it is entitled to summary judgment because Allstate's expert report is "not an opinion to a reasonable

---

[5] *Id.*

[6] *Id.*

[7] *Id.* ¶¶ 4–5.

[8] Genova Mot., Ex. B, March 15, 2015 Letter Opinion of Antoine Rios, Ph.D.  Dr. Rios's findings are "based on a non-destructive visual analysis and have been reached to a reasonable degree of scientific certainty." *Id.*

[9] Compl. ¶¶ 10–15.

probability" and is, therefore, inadequate as a matter of law.[10] Additionally, Genova argues that summary judgment is warranted because Allstate has failed to timely respond to discovery.[11]

4. Allstate opposes Genova's Motion on the basis that it is "premature as Allstate's deadline to produce a rebuttal expert report has not yet passed [as of the date of Allstate's Response to Genova's Motion] and discovery does not close until [September 8, 2017]."[12]

5. Because Genova's Motion relies in part on Allstate's alleged failure to timely respond to discovery, some background is necessary. Allstate filed its Complaint on February 4, 2016. In the original Trial Scheduling Order, trial was scheduled to begin December 4, 2017, with discovery deadlines scheduled as follows: Allstate's expert report, September 9, 2016; Genova's expert report, November 9, 2016; Allstate's expert rebuttal report, January 9, 2017; and discovery to be initiated such that it will be completed by March 8, 2017.[13]

6. On February 14, 2017, less than a month before the discovery cut-off, the parties submitted a Stipulation and [Proposed] Order stating "the parties have spent considerable time and effort attempting to resolve this matter, settlement discussions

---

[10] Genova Mot. ¶ 9; Genova Reply ¶ 3.
[11] Genova Mot. ¶ 10.
[12] Allstate Resp. ¶ 2.
[13] Trial Scheduling Order (Trans. ID. 58992690).

have recently broken down and the parties have now conferred and desire to amend the Court's Trial Scheduling Order."[14] The Court signed the Stipulation and Order, setting new discovery deadlines as follows: Allstate's expert report, March 17, 2017; Genova's expert report, May 19, 2017; Allstate's expert rebuttal report, July 14, 2017; and discovery to be initiated such that it will be completed by September 8, 2017.[15]

7. On March 9, 2017, Genova sent Allstate a set of interrogatories and a set of requests for production of documents.[16] By March 17, 2017, Allstate's expert report deadline, Allstate had not submitted a new or amended expert report, leaving Dr. Rios's letter opinion as Allstate's expert report on causation.

8. In April, Allstate requested an extension to May 12, 2017, from Genova to respond to Genova's interrogatories and requests for production of document.[17] Genova agreed.[18] Despite agreeing to a May 12, 2017 discovery extension, Genova did not submit a motion to amend Genova's May 19, 2017 expert report deadline, and the record does not reflect that Genova requested that Allstate informally agree to an extension of Genova's May 19, 2017 expert report deadline. Genova's failure to request an extension of its expert report deadline is notable because Genova's

[14] Stipulation and [Proposed] Order to Modify the Trial Scheduling Order (Trans. ID. 60210114).
[15] Feb. 20, 2017 TSO.
[16] Genova's Mot., Ex. D, Defendant's Interrogatories Directed to the Plaintiff and Request for Production Directed to the Plaintiff; Notice of Service (Trans. ID. 60317913).
[17] Genova's Mot., Ex. E. April 2017 Emails Between Counsel for Allstate and Counsel for Genova.
[18] *Id.*

4

interrogatories seek information that Genova now claims is necessary to the formulation of a "qualified opinion as to causation in this matter."[19]

9. By May 12, 2017, Allstate's deadline to respond to Genova's March 9, 2017 discovery requests, Allstate had not responded.[20] Genova did not move to compel or seek sanctions under Rule 37.[21] Instead, on June 1, 2017, Genova filed the instant Motion for Summary Judgment.

10. Pursuant to Superior Court Civil Rule 56(c), summary judgment is appropriate only if there is no genuine issue as to any material fact. The burden is on the moving party to show that there is no genuine issue as to any material fact.[22] The Court views the record in the light most favorable to the non-moving party,[23] and the burden shifts to the non-moving party to establish the existence of a genuine issue of material fact only after the moving party has met its burden.[24]

11. The precise basis for Genova's argument that Dr. Rios's opinion "fail[s] to meet the standard required" is hardly clear. The "standard" is not identified. If Genova means Delaware Rule of Evidence 702 or *Daubert v. Merrell Dow*

---

[19] Genova Mot. ¶ 10 (listing information purportedly necessary for the issuance of an expert opinion on causation in this case); Genova Mot., Ex. D Defendant's Interrogatories Directed to the Plaintiff ¶¶ 4, 8–9, 13–14 (requesting the information listed in paragraph 10 of Genova's Motion).

[20] Genova Mot. ¶ 6.

[21] Super. Ct. Civ. R. 37.

[22] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979) (citing *Ebersole v. Lowengrub*, 180 A.2d 467 (Del. 1962)).

[23] *Burkhart v. Davies*, 602 A.2d 56, 59 (Del. 1991).

[24] *Moore*, 205 A.2d at 681 (citing *Hurtt v. Goleburn*, 330 A.2d 134 (Del. 1974)).

*Pharmaceuticals, Inc.,*[25] it has not cited those authorities. Rather, Genova's one paragraph argument summarily concludes that Dr. Rios's opinion that a weak weld line facilitated cracking in the CPVC tee fitting "is not an opinion to a reasonable probability."[26] This argument is not supported by any legal citation or by any further argument clarifying what the supposedly fatal inadequacy in Dr. Rios's opinion is.[27] Dr. Rios's opinion may be fatally inadequate in some respect. However, at a minimum, Genova has failed to meet its burden as the moving party on a motion for summary judgment to establish that fact.

12. As to Genova's second one-paragraph argument—that it is entitled to summary judgment because Allstate failed to timely respond to discovery—the Court finds this argument premature. Genova has never filed a motion to compel, and discovery is still on-going.[28]

---

[25] 509 U.S. 579 (1993); *see M.G. Bancorporation, Inc. v. Le Beau,* 737 A.2d 513, 522 (Del. 1999) (adopting the United States Supreme Court's holdings in *Daubert* and *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137 (1999), as the correct interpretation of Delaware Rule of Evidence 702).
[26] Genova Mot. ¶ 9.
[27] In his March 15, 2015 letter opinion, Dr. Rios states that his findings were reached "to a reasonable degree of scientific certainty." Genova Mot., Ex. B, March 15, 2015 Letter Opinion of Antoine Rios, Ph.D. Delaware courts have held that the phrases "reasonable probability" and "reasonable certainty" are interchangeable in expert opinions. *E.g., Dunlap v. State Farm Fire & Cas. Co.,* 955 A.2d 132, 147 (Del. Super. Aug. 3, 2007) (citing *Perkins v. State,* 920 A.2d 391, 395 (Del. 2007)).
[28] In its Response, Allstate states that since Genova filed the instant Motion for Summary Judgment Allstate has provided Genova with the requested discovery responses. Allstate Resp. ¶ 3.

**NOW THEREFORE**, for the foregoing reasons, Defendant's Motion for Summary Judgment is **DENIED.**

**IT IS SO ORDERED.**

Jan R. Jurden, President Judge

7