**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN RE: ASBESTOS LITIGATION**

JEFFREY A. WARNER, )
)
    Plaintiff, )
)
    v. )
)    C.A. No. N15C-02-060 ASB
COVESTRO LLC f/k/a BAYER )
MATERIALSCIENCE LLC et al., )
)
    Defendants. )
)
)

October 26, 2017

*Upon Defendant Covestro's*
*Motion for Summary Judgment*
**GRANTED**.

Plaintiff Jeffrey A. Warner cannot satisfy the summary judgment criteria.[1]

Defendant Covestro was the premises owner or successor in interest to one or more prior owners of Mobay Chemical Plant when Plaintiff worked at Mobay between 1979 and 2014. In 1979 Plaintiff worked at Mobay for approximately six months as a permit-hand iron worker employed by Dravo Corp., a third party

---

[1] Super. Ct. Civ. R. 56; *Smith v. Advanced Auto Parts, Inc.*, 2013 WL 6920864, at *3 (Del. Super. Dec. 30, 2013); *see Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979); *Nutt v. A.C. & S., Inc.*, 517 A.2d 690, 692 (Del. Super. Ct. 1986); *In re Asbestos Litigation (Helm)*, 2012 WL 3264925 (Del. Aug. 13, 2012).

contractor. During this time period Plaintiff claims he removed insulation from old equipment and piping. He testified that he received instruction from Dravo supervisors and Dravo supplied the equipment and materials. Plaintiff claims that some insulation contained asbestos, but he did not receive training in distinguishing non-asbestos versus asbestos containing insulation until the 1990s. Plaintiff also worked at Mobay in 1986 for two years as a contract engineer for Midwest Tech. Plaintiff prepared designs and recommended the purchase of equipment. Plaintiff stated that he reported to two Mobay employees during this job, and he claims that he removed insulation on adjacent lines in order to determine valve capacity. Plaintiff was hired by Mobay in 1988 as a fulltime process Control Technician, and worked in this capacity through November 2014.

Defendant argues that any claim for an injury after 1988 is barred under West Virginia's worker-compensation statute. Additionally, Defendant contends that Plaintiff provided no credible or admissible evidence that the insulation contained asbestos. The parties stipulated that Covestro is entitled to summary judgment on exposure after May 1988, and therefore the rest of this motion is based on exposure before May 1988. In response, Plaintiff's argue that at least eight bankrupt manufacturers of asbestos containing products list the Mobay facility as a "conceded site" for purposes of claims against their estate. Plaintiffs contend that this fact shows that "[c]learly, a significant amount of asbestos was present on site."

2

However, beyond Mr. Warner's belief that the products he worked on contained asbestos, the record is void of evidence that a jury could infer Mr. Warner worked with asbestos insulation. Plaintiffs contend that Mr. Warner received training in the 1990s, and "[t]here is no reason that Mr. Warner could not apply subsequently learned knowledge to retroactively identify asbestos."

In the alternative, Defendant argues that even if the Court finds that Plaintiff presented sufficient evidence to create a genuine issue of fact regarding asbestos exposure, Plaintiff's claims are barred under West Virginia law. Under West Virginia law "the occupier of premises employing an independent contractor has the duty of providing a reasonably safe place to work," which includes "the duty to warn of latent defects existing before the work is started that are known to the employer, but are not readily observable by the employee."[2] Similarly, "[t]he employer of an independent contractor will also be liable to such contractor's employee if he retains some control or supervision over the work which negligently injures the employee," or the injury was "caused by the negligence of the employer."[3] Defendant argues that there is no evidence in the record to show that Covestro was negligent or otherwise in control over the work. Plaintiff argues that evidence of asbestos exposure alone creates a genuine issue of fact as to a negligence claim against

---

[2] *Pasquale v. Ohio Power Co.,* 418 S.E.2d 738, 750-51 (W.Va. 1992).
[3] *Id.* at 751.

Covestro.  Under West Virginia law, "a property owner only has a duty to turn over a reasonably safe workplace to an independent contractor; the property owner generally cannot be held liable for any hazards created by the independent contractor."[4] When "determining whether a workman is an employee or an independent contractor, the controlling factor is whether the hiring party retains the right to control and supervise the work to be done."[5]  Here, Plaintiff worked for a third party at the plant, and received instruction from third party. Based on the evidence before the Court, there is no evidence Defendant engaged in negligent conduct to be held liable for Plaintiff's injuries.

Accordingly, for the aforementioned reasons, Defendant's Motion for Summary Judgment is hereby **GRANTED**.  **IT IS SO ORDERED.**

/s/ Calvin L. Scott

The Honorable Calvin L. Scott, Jr.

---

[4] *France v. Southern Equiptment Co.*, 689 S.E.2d 1, 11 (W.Va. 2010).
[5] *Bowens v. Allied Warehousing Services, Inc.,* 729 S.E.2d 845, 855 (W.Va. 2012).