# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STEVEN SADLER and LISA SADLER, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. N15C-07-176 ALR |
| JOSHUA MICHAEL JOHNSON and CALVERT MECHANICAL SYSTEMS, INC., | ) ) ) ) | |
| Defendants. | ) ) ) | |

Submitted: May 31, 2018
Decided: July 17, 2018

*Upon Defendant Calvert Mechanical Systems, Inc.'s Motion for Summary Judgment*
**GRANTED IN PART; DENIED IN PART**

## <u>MEMORANDUM OPINION</u>

Timothy A. Dillon, Esq., McCann & Wall, LLC, Attorney for Plaintiffs

Colin M. Shalk, Esq., Casarino, Christman, Shalk, Ransom & Doss, P.A., Attorney for Defendants

**Rocanelli, J.**

This action arises out of a motor vehicle accident. Defendant Calvert Mechanical Systems, Inc. ("Calvert") moves for summary judgment on Plaintiffs' agency, negligent entrustment, negligence, and punitive damages claims against Calvert. In their response, Plaintiffs concede that they cannot establish their claims for punitive damages and negligent entrustment against Calvert.[1] However, Plaintiffs oppose Defendant's motion as to the claims of vicarious liability and negligence against Calvert. This is the Court's decision on Calvert's motion for summary judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 10, 2014, Defendant Joshua Johnson ("Johnson") was operating a vehicle owned by Calvert ("Calvert Vehicle") when Johnson backed into Plaintiffs' vehicle, causing Plaintiffs injuries. At the time of the accident, Johnson was employed with Calvert as an HVAC Technician. Johnson was permitted to drive the Calvert Vehicle home after work, but was not permitted to drive it for personal use.

Plaintiffs filed a complaint against Johnson, the Calvert Vehicle's driver, and Calvert, the Calvert Vehicle's owners. As to Johnson, Plaintiffs only raised a

---

[1] However, Plaintiffs argue that their claims for punitive damages and negligent entrustment should survive against Defendant Joshua Johnson individually. The Court notes that, while Plaintiffs did raise a claim for punitive damages against Johnson, Plaintiffs' complaint does not include a negligent entrustment claim against Johnson. Moreover, due to the nature of such a claim, it does not appear that Plaintiffs could properly raise a negligent entrustment claim against Johnson.

1

negligence claim. As to Calvert, Plaintiffs allege that Calvert is vicariously liable for Johnson's negligence, and raise additional claims of negligence and negligent entrustment. Plaintiffs also seek punitive damages from both Johnson and Calvert.

Johnson testified at his deposition that, prior to the accident, he drove the Calvert Vehicle to a friend's house and consumed multiple beers. The accident took place as Johnson was backing out of his friend's driveway in the Calvert Vehicle. The parties dispute whether Johnson was leaving his friend's house to go home or to return to work. Following the accident, Johnson was charged with DUI and entered the First Offender Program.

## STANDARD OF REVIEW

The Court may grant summary judgment only where the moving party can "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2] The moving party bears the initial burden of proof and, once that is met, the burden shifts to the non-moving party to show that a material issue of fact exists.[3] At the motion for summary judgment phase, the Court must view the facts "in the light most favorable to the non-moving

---

[2] Super. Ct. Civ. R. 56.
[3] *Moore v. Sizemore*, 405 A.2d 679, 680–81 (Del. 1979).

party."[4] Summary judgment is only appropriate if Plaintiffs' claims lack evidentiary support such that no reasonable jury could find in their favor.[5]

## DISCUSSION

Because Plaintiffs concede that they cannot establish their claims for punitive damages and negligent entrustment against Calvert, the Court need only address Plaintiffs' vicarious liability and negligence claims.

**I.    There are genuine issues of material fact as to whether an agency relationship existed between Johnson and Calvert at the time of the accident.**

An employer can be vicariously liable for tortious conduct committed by an employee if the employee is acting within the course and scope of his or her employment.[6] To determine if an employee's tortious conduct was within the scope of employment, Delaware courts consider the factors outlined in the Restatement (Second) of Agency.[7] Thus, an employee's act is within the course and scope of employment if:

> (a) it is of the kind he is employed to perform; (b) it occurs substantially within the authorized time and space limits; (c) it is actuated, at least in part, by a purpose to serve the master, and (d) if force is intentionally

---

[4] Brzoska v. Olson, 668 A.2d 1355, 1364 (Del. 1995).

[5] *See Hecksher v. Fairwinds Baptist Church, Inc.*, 115 A.3d 1187, 1200–05 (Del. 2015); *Edmisten v. Greyhound Lines, Inc.*, 2012 WL 3264925, at *2 (Del. Aug. 13, 2012).

[6] *See, e.g., Fisher v. Townsends, Inc.*, 695 A.2d 53, 58 (Del. 1997).

[7] *Hecksher v. Fairwinds Baptist Church, Inc.*, 115 A.3d 1187, 1200 (Del. 2015).

used by the servant against another, the use of force is not unexpectable by the master.[8]

Here, there are genuine issues of material fact as to whether Johnson was acting in the course and scope of his employment with Calvert when the accident occurred. Significantly, the parties dispute whether Johnson was on his way home, or his way back to work, at the time of the accident. Calvert's President testified in his deposition that Johnson's regular workday was from 9:00 a.m. to 5:00 p.m. Calvert appears to rely on this testimony to argue that the accident took place after Defendant's regular hours. However, there is no testimony or documentation indicating that Johnson in fact worked regular hours on the date of the accident, or even showing at what time the accident actually occurred.[9] Furthermore, Johnson told a claims adjuster after the accident that he was "on way back to shop" when he stopped at his friend's house.

Therefore, there are genuine issues of material fact as to whether Johnson was doing an act he was employed to perform, whether Johnson was acting within the authorized time and space limits of his employment, and whether Johnson's actions were meant to serve Calvert. Accordingly, Calvert is not entitled to summary judgment on Plaintiffs' vicarious liability allegations.

---

[8] Restatement (Second) of Agency § 228 (1958).

[9] The Court notes that there is deposition testimony from various parties that accident took place during evening hours, or while it was dark outside. However, the Court is unaware of any testimony of documents stating the actual time of the accident.

4

**II. There are genuine issues of material fact that preclude summary judgment on Plaintiffs' claims of negligence against Calvert.**

To succeed in a negligence claim under Delaware law, a plaintiff must prove that the defendant owed the plaintiff a duty and that the "breach of that duty proximately caused plaintiff's injury."[10] Here, Calvert argues that Plaintiffs cannot demonstrate that Calvert had a legal duty to protect Plaintiffs from harm resulting from Johnson's use of the Calvert Vehicle. Therefore, Calvert argues that Plaintiffs' negligence claim against Calvert fails as a matter of law.

There are material facts in dispute as to whether Johnson was operating the Calvert Vehicle with Calvert's permission or authorization. Calvert admits that Johnson was permitted to drive the Calvert Vehicle to and from work, but not for personal use. However, Calvert's President conceded in his deposition that, by allowing Calvert employees to take Calvert's vehicles home, there was a risk that employees would use the vehicles for personal errands. In addition, Calvert's President was aware that at least one other employee had used a Calvert vehicle for personal use. In other words, there are genuine issues of material fact as to whether Calvert somehow implicitly authorized Johnson to use the Calvert Vehicle for personal errands, such that Calvert did have a legal duty to protect Plaintiffs from Johnson's use of the Calvert vehicle. Moreover, as discussed, the parties dispute

---

[10] *Staedt v. Air Base Carpetmart, Inc.*, 2011 WL 6140883, at *1 (Del. Super. Dec. 6, 2011) (citing *Dilks v. Morris*, 2005 WL 445530, at *2 (Del. Super. Feb. 25, 2005)).

5

whether Johnson was in fact using the Calvert Vehicle for personal use at the time of the accident. Therefore, genuine issues of material fact preclude summary judgment on Plaintiff's claim of negligence against Calvert.

## **CONCLUSION**

Calvert is not entitled to summary judgment on Plaintiffs' claims of vicarious liability and negligence. However, summary judgment will be entered on Plaintiffs' claims of negligent entrustment and punitive damages against Calvert.

**NOW, THEREFORE, this 17th day of July, 2018, Defendant Calvert Mechanical Systems, Inc.'s Motion for Summary Judgment is hereby GRANTED IN PART as to Plaintiffs' claims of negligent entrustment and punitive damages and DENIED IN PART as to Plaintiffs' claims of vicarious liability and negligence.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____
**The Honorable Andrea L. Rocanelli**

6