# SUPERIOR COURT
## of the
# STATE OF DELAWARE

Jeffrey J Clark
        Judge

Kent County Courthouse
38 The Green
Dover, DE 19901
Telephone (302)735-2111

February 26, 2020

John Charles Willis
Evelyn Holly Willis
1300 South Farmview Drive
#A10
Dover, DE  19901

James E. Drnec, Esq.
Wharton Levin Ehrmantraut
& Klein, P.A.
300 Delaware Avenue
Suite 1110
Wilmington, DE 19899

> RE: *John Charles Willis and Evelyn Holly Willis v. Bayhealth*
> *Surgical Assoc., John F. Glenn, III, M.D., and Bayhealth*
> *Medical Center, Inc., D/B/A Kent General Hospital*
> *K18C-05-031 JJC*

Submitted:  January 24, 2020
Decided:  February 26, 2020

Dear Mr. and Ms. Willis and Mr. Drnec:

This letter order provides the Court's reasoning and decision regarding Defendants Bayhealth Surgical Associates, John F. Glenn, III, M.D., and Bayhealth Medical Center's (hereinafter, collectively "Bayhealth's") summary judgment motion. At the outset, after reviewing the evidence and considering Mr. and Ms. Willis's (hereinafter, collectively, "the Willises'") arguments, the Court recognizes that Mr. Willis suffered extremely serious and unfortunate complications following his treatment. The Court does not question their good faith belief that Bayhealth is

responsible. They have been professional and persistent in advancing their claims without an attorney. Throughout the pretrial process, counsel for Bayhealth has also interacted patiently and professionally with the Willises.

Apart from these observations, however, the Court must apply well settled legal principles when deciding Bayhealth's motion for summary judgment. Delaware statute requires that a plaintiff that sues for medical negligence must present expert medical testimony at trial that a defendant breached the standard of care and that the breach caused harm.[1] Here, the discovery period is closed and the Willises have identified no expert medical opinion that meets these requirements. Accordingly, Bayhealth's motion for summary judgment must be granted.

**The Parties' Arguments and the Procedural Background**

Mr. Willis suffered from a leg wound and infection. The Willises assert claims of health care negligence against Bayhealth. In their complaint, they allege the following: (1) Bayhealth misdiagnosed Mr. Willis; (2) Bayhealth negligently treated him by prescribing the wrong medication to treat the wound; and (3) the misdiagnosis and incorrect treatment permitted further infection that required additional medical treatment.

Bayhealth now moves for summary judgment alleging that the Willises have identified no medical expert's opinion that supports their claims. In response, the Willises claim that their expert disclosures are sufficient. Namely, they argue that a report from Dr. Nicholas Biasotto provides the necessary expert opinion.

Discovery in this matter took place over eight months. On April 15, 2019, the Court issued its scheduling order. The order set an August 6, 2019 deadline for the Willises to meet their expert disclosure requirements. After the Willises failed to provide expert disclosures by August 6th, Bayhealth's counsel reminded them by e-

---

[1] 18 *Del. C*. § 6853 (e).

mail that the disclosures were late.[2]  Thereafter, on August 21, 2019, the Willises filed their "Defendant's Expert Discovery Disclosure."  It was a document that merely listed physicians who treated Mr. Willis after his Bayhealth treatment.[3]  On August 23, 2019, Bayhealth's counsel again contacted the Willises, explained the deficiencies in their expert disclosures, and requested that they supplement them by September 6, 2019.[4]

After the Willises did not, Bayhealth filed a motion to dismiss.  In response, the Willises filed a motion to amend the scheduling order, seeking more time to obtain an expert.  The Court heard the Willises' motion to amend the scheduling order first.  At a hearing on that motion, Bayhealth did not oppose an amendment to the scheduling order that provided the Willises additional time. The Court then entered an order extending their expert disclosure deadline to December 1, 2019.

On November 26, 2019, the Willises contacted Bayhealth to request an additional extension until December 16, 2019.[5]  When Bayhealth declined, the Willises submitted a letter to the Court requesting additional time.[6]  At that point, Bayhealth withdrew its opposition and stipulated to a further extension until December 16, 2019.  When doing so, Bayhealth conditioned this agreement upon its assumption that the Willises would request no further extensions.[7]

On December 16, 2019, the Willises e-mailed a report from Dr. Biasotto to Bayhealth.[8] On December 20, 2019, they filed Dr. Biasotto's report and a letter from

---

[2] Def. Mot., Ex. D.
[3] Def. Mot., Ex. E.
[4] Def. Mot., Ex. F.
[5] Def. Mot., Ex. H.
[6] Def. Mot., Ex. I.
[7] Def. Mot., Ex. J.
[8] Def. Mot., Ex. K.

Dr. Thomas Burke with the Court. Dr. Burke's letter explained the treatment that he provided Mr. Willis.[9] Dr. Biasotto's report provided only the following:

> [Mr. Willis's] wounds were very friable and exquisitely tender and had been increasing in size from previous debridements. This led me to consider vasculitis and/or pyoderma gangrenosa as the diagnosis. This type of wound is extremely painful and typically gets worse and enlarges with debridement, if the inflammatory process is not controlled. Biopsies were performed using an immunofluorescent technique, which distinguishes the normal from vasculitic lesions. . . It should be noted that the usual H & E stained biopsies may NOT identify atypical wounds such as pyoderma and/or vasculitis; immunofluorescent stains are needed to make the diagnosis.[10]

Bayhealth then filed the present motion for summary judgment.

**Summary Judgment Standard**

Summary judgment is appropriate only if there is no genuine issue of material fact and if Bayhealth is entitled to judgment as a matter of law.[11] The Court must view the evidence in the light most favorable to the Willises, as the non-movants.[12] The burden of proof is initially on Bayhealth, who seeks summary judgment.[13] However, if Bayhealth meets its burden, then the burden shifts to the Willises to demonstrate the existence of material issues of fact.[14] Their evidence of material facts in dispute must be sufficient to withstand a motion for judgment as a matter of law and to support the verdict of a rational jury.[15] After adequate time for discovery

---

[9] *See* Def. Mot., Ex. L (stating that Mr. Willis "was seen in [Burke Dermatology's] practice June 9, 2016 and September 21, 2016. He presented with an eczema like reaction on his arms and legs and an ulcer located on his left lower leg. The ulcer was biopsied and the results came back consistent with Stasis Ulcer. Patient has not had any follow up visit.").

[10] Pl. Resp., Ex. A.

[11] Super. Ct. Civ. R. 56(c); *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).

[12] *Brozaka v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).

[13] Super. Ct. Civ. R. 56(e); *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).

[14] *Id*. at 681 (citing *Hurtt v. Goleburn*, 330 A.2d 134 (Del. 1974)).

[15] *Lum v. Anderson*, 2004 WL 772074, at *2 (Del. Super. Mar. 10, 2004).

and upon motion, summary judgment must be entered against a party who cannot demonstrate facts supporting an essential element of that party's case.[16]

## Discussion

In order to prevail, the Willises must present expert medical testimony supporting their claim. Namely, 18 *Del. C.* § 6853(e) provides that "[n]o liability shall be based upon asserted negligence unless expert medical testimony is presented as to *the alleged deviation from the applicable standard of care in the specific circumstances of the case* and as to *the causation of the alleged personal injury* or death[.]"[17] Given this "statutory mandate, the production of expert medical testimony is an essential element of a plaintiff's medical malpractice case."[18] The plaintiff bears the burden of proof to step forward with such expected testimony.[19] Under the rules of civil discovery, a plaintiff must identify it prior to trial.

Here, the Willises do not identify an expert opinion that Bayhealth deviated from the applicable standard of care.[20] The Willises initially failed to identify evidence meeting their burden by the original deadline of August 6, 2019. The Court permitted them more than four additional months to obtain the necessary medical expert evidence. Although they eventually filed letters from two doctors, neither document addresses the applicable standard of care. Nor do they address Bayhealth's deviation from that standard. Finally, neither doctor's letter addresses the element of causation of harm. Instead, the documents discuss their diagnoses and Mr. Willis's course of treatment.

---

[16] *Burkhart v. Davies*, 602 A.2d 56, 59 (Del. 1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

[17] 18 *Del. C.* § 6853(e) (emphasis added).

[18] *Burkhart*, 602 A.2d at 59 (citing *Russell v. Kanaga*, 571 A.2d 724, 732 (Del. 1990)).

[19] *Id.*

[20] Dr. Biasotto's statements that the wounds increased in size due to previous debridements arguably provide evidence of the second statutory requirement that Bayhealth's actions proximately caused Mr. Willis's aggravated personal injury.

The Court recognizes that *pro se* litigants are afforded some leniency when presenting their case.[21] However, all plaintiffs must meet the same substantive requirements.[22] Any leniency must be limited to the extent that it does not affect the substantive rights of the parties.[23] Here, the Willises have failed to identify in discovery the evidence necessary to meet their burden of proof at trial. Excusing this requirement would impair Bayhealth's substantive rights. In the absence of an expert medical opinion that (1) Bayhealth deviated from the applicable standard of care, or that (2) this deviation proximately caused harm, summary judgment for Bayhealth must be granted.

## Conclusion

In summary, after receiving adequate time for discovery, the Willises have not produced an expert medical opinion that Bayhealth deviated from the applicable standard of care, or that such a deviation caused them harm. Accordingly, summary judgment on behalf of Bayhealth must be **GRANTED**.

**IT IS SO ORDERED.**

/s/ Jeffrey J Clark
Judge

JJC:jb
*Via File & ServeXpress and U.S. Mail*

---

[21] *Damiani v. Gill*, 116 A.3d 1243, 2015 WL 4351507, at *1 (Del. 2015) (TABLE).

[22] *Id.* (quoting *Draper v. Med Ctr.*, 767 A.2d 796, 799 (Del. 2001).

[23] *Tsipouras v. Szambelak*, 2012 WL 1414096, at *1 (Del. Super. Apr. 5, 2012) (quoting *Anderson v. Tingle*, 2011 WL 3654531, at *2 (Del. Super. Aug. 15, 2011)).