# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

LUIS ROSADO, )
    Plaintiff, )
  )
  )
v. )     C.A. No. N14C-03-020 ALR
  )
GP HARMON RECYCLING )
PLANT OPERATIONS LLC, and )
NATURES SECOND CHANCE, )
    Defendants. )

Date Submitted:  July 26, 2016
Date Decided:  July 26, 2016

***Upon Defendant's Motion for Leave to File a Motion for Summary Judgment***
**DENIED**

***Motion for Stay of Proceedings and to Compel Plaintiff
to Determine Plaintiff's Mental Competency***
**DENIED IN PART**

## <u>ORDER</u>

Defendant Second Chance Hauling, LLC ("Defendant") has filed a Motion for Leave to File a Motion for Summary Judgment, which Plaintiff opposes, and a Motion for Stay of Proceedings and to Compel Plaintiff to Determine Plaintiff's Mental Competency, to which Plaintiff has not filed any opposition.  In consideration of the parties' submissions, oral argument, applicable decisional law, and Delaware Superior Court Rules of Civil Procedure, the Court finds as follows:

1.    The accident from which this lawsuit arises allegedly occurred on March 27, 2012.  According to Plaintiff, while at work, Plaintiff was struck in the head with a gate for which Defendant was responsible. Among other things, Plaintiff alleges that he suffered a traumatic brain injury.

2. The Complaint was filed on March 4, 2014, and an Amended Complaint was filed on October 24, 2014.

3. The Court has issued FOUR Trial Scheduling Orders ("TSO"). According to the most recent TSO issued on February 17, 2016 ("Fourth TSO"), the mandatory ADR deadline was May 11, 2016 and the deadline for filing dispositive motions was May 13, 2016. Trial is scheduled for September 21, 2016.

4. Summary judgment was issued in favor of Defendant GP Harmon Recycling Plant Operations, LLC by Order dated June 9, 2016.

5. Despite the ADR deadline in the Fourth TSO, mediation is scheduled for August 9, almost 90 days after the deadline. Leave of Court was not sought by the parties.

6. Despite the dispositive motion deadline of May 13 in the Fourth TSO, Defendant has requested leave to file a motion for summary judgment more than 60 days after the deadline.

7. Defendant has submitted its proposed motion for summary judgment as an exhibit to its motion for leave to file its dispositive motion. There is no reference to the development of the factual record after the dispositive motion deadline of May 13. Indeed, as factual support for its motion, Defendant cites to the deposition of Plaintiff which was taken on September 22, 2015.

8. The Court may grant summary judgment only where the moving party can "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] The moving party bears the initial burden of proof, and once that is met, the burden shifts to the non-moving

---

[1] Super. Ct. Civ. R. 56.

party to show that a material issue of fact exists.[2] At the motion for summary judgment phase, the Court must view the facts "in the light most favorable to the non-moving party."[3]

9. There are genuine issues of material fact in dispute and therefore summary judgment is not appropriate.

10. According to Defendant, Plaintiff's own neuropsychological expert has offered the opinion that Plaintiff is moderately to severely impaired. According to Defendant, Defendant's medical expert has offered the opinion that Plaintiff is suffering from severe progressive dementia which is not related to the accident. Now, within two months of the scheduled trial, Defendant seeks an indefinite stay of proceedings and an additional medical examination.

11. The Court finds that it is in the interest of justice to continue the deadline for mandatory ADR and trial. The new trial date is March 7, 2017, which shall be reflected in the Fifth Trial Scheduling Order to be issued by the Court. Other than the new deadline for ADR, no deadlines that have expired in the Fourth TSO shall be renewed.

12. Plaintiff has a scheduled physician's appointment on August 23. After that medical appointment, Plaintiff's counsel shall report to the Court whether Plaintiff's counsel is able to proceed with ADR and trial. If Plaintiff's counsel concludes that he can discharge his professional obligations, then the matter shall proceed. If Plaintiff's counsel concludes that he cannot discharge his professional obligations, then Plaintiff's counsel shall seek relief from the Court.

---

[2] *Moore v. Sizemore*, 405 A.2d 679, 680-81 (Del. 1979).
[3] *Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).

**NOW, THEREFORE,** this 28th day of July 2016:

(1) the Motion for Leave to File a Motion for Summary Judgment is hereby DENIED as untimely and because there are genuine issues of material fact in dispute;

(2) the Motion for Stay of Proceedings and to Compel Plaintiff to Determine Plaintiff's Mental Competency filed by Defendant Second Chance Hauling, LLC is hereby DENIED in part;

(3) the deadlines for mandatory ADR, pre-trial stipulation, pre-trial conference, final status report, and trial as set forth in the Trial Scheduling Order issued on February 17, 2016 are hereby vacated;

(4) Plaintiff's counsel shall report to the Court with the date for the rescheduled mediation conference;

(5) Plaintiff's counsel shall report to the Court after Plaintiff's physician appointment whether Plaintiff's counsel can proceed with mediation and trial; and

(6) if Plaintiff's counsel reports that he can proceed, the Court shall issue a (Fifth) Trial Scheduling Order setting deadlines for mandatory ADR, the filing of a pre-trial stipulation, a pre-trial conference, a final status report, and a trial date of March 6, 2017.

IT IS SO ORDERED.

*Andrea L. Rocanelli*

_____
**The Honorable Andrea L. Rocanelli**

4