# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROBERT VANARTSDALEN, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. N16C-02-003 FWW |
| | ) | |
| v. | ) | |
| | ) | |
| FARM FAMILY CASUALTY | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: January 31, 2017
Decided: March 13, 2017

Upon Defendant's Motion for Summary Judgment:
**GRANTED.**

## ORDER

Jonathan B. O'Neill, Esquire, Kimmel, Carter, Roman, Peltz & O'Neill, P.A., P.O. Box 8149, Newark, Delaware 19714; Attorney for Plaintiff Robert Vanartsdalen.

Aman K. Sharma, Esquire, David C. Malatesta, Esquire, Kent & McBride, P.C., 824 North Market Street, Suite 805, Wilmington, Delaware 19801; Attorneys for Defendant Farm Family Casualty Insurance Company.

**WHARTON, J.**

This 13th day of March, 2017, upon consideration of Defendant Farm Family Casualty Insurance Company's Motion for Summary Judgment ("Defendant") and Plaintiff Robert Vanartsdalen's Response ("Plaintiff"), it appears to the Court that:

1.    Plaintiff is a resident of Grenloch, New Jersey.[1] On November 3, 2014, Plaintiff was involved in a motor vehicle accident with another driver.[2] At the time of the accident, Plaintiff was driving his employer's vehicle, which was registered in Delaware.[3] Because the vehicle was registered in Delaware, the vehicle was required to be insured for no-fault, personal injury protection ("PIP") pursuant to 21 *Del. C.* § 2118. Defendant provided the requisite insurance for the employer's vehicle.[4]

2.    Plaintiff sought PIP benefits from Defendant for personal injuries that he sustained from the accident. Before Plaintiff could receive these benefits under Defendant's insurance policy, however, Plaintiff must "[s]ubmit to an examination, at [Defendant's] expense, by physicians of [its] choice, as often as [it] reasonably require[s]."[5]

3.    By letter dated March 18, 2015, Defendant notified Plaintiff that he was required to attend an independent medical examination ("IME") on April 17,

---

[1] *See* Def.'s Mot. Summ. J., D.I. 12, at ¶ 3.
[2] *Id.* at ¶ 1.
[3] *Id.* at ¶¶ 1–2.
[4] *Id.* at ¶ 2.
[5] *See id.* at Ex. B.

2015 with a doctor located in Cherry Hill, New Jersey.[6] Plaintiff lives in another municipality approximately fifteen miles away from this location. Pursuant to New Jersey statute, an IME "shall be conducted within the municipality of residence of the injured person. If there is no qualified health care provider to conduct the examination within the municipality of residence of the injured person, then such examination shall be conducted in an area of the closest proximity to the injured person's residence."[7] Accordingly, Plaintiff's counsel objected to Defendant's IME request on the grounds that the doctor's office was located outside of Plaintiff's municipality.[8]

4.    In response to this objection by Plaintiff's counsel, Defendant scheduled an IME with a different doctor.[9] The doctor chosen by Defendant to conduct this IME was also located outside of Plaintiff's municipality.[10] By letter dated April 14, 2015, Plaintiff's counsel renewed his objection that Defendant's IME request did not comply with New Jersey law.[11]

5.    By letter dated July 24, 2015, Defendant requested Plaintiff to attend an IME on August 12, 2015.[12] The doctor performing the IME was located

_____

[6] See id. at Ex. C.
[7] See N.J.S.A. 39:6A-13(d).
[8] D.I. 12, at Ex. C.
[9] See id. at Ex. D.
[10] Id.
[11] Id.
[12] See id. at Ex. E.

3

approximately one mile from Plaintiff's residence.[13] However, Plaintiff failed to appear for the IME without providing any justification to Defendant.[14]

6. By letter dated August 14, 2015, Defendant requested Plaintiff to attend an IME on August 31, 2015 with the same doctor.[15] Plaintiff again failed to appear without providing any justification to Defendant.[16] In both letters, Defendant explicitly stated that Plaintiff's future medical expenses would not be reimbursable if Plaintiff has "2 or more unexcused failures to attend the scheduled examination."[17]

7. By letter dated October 5, 2015, Defendant advised Plaintiff that he had breached an essential term of the insurance policy by failing to appear for two IMEs. As a result, Defendant denied coverage for Plaintiff's PIP benefits.[18]

8. On February 1, 2016, Plaintiff filed a Complaint against Defendant. Plaintiff argues that he is entitled to PIP benefits, including medical expenses and lost wages.[19] Plaintiff asserts that Defendant has refused to pay Plaintiff's medical expenses "despite medical confirmation that they are reasonable, necessary, and casually related to the aforesaid accident."[20] Plaintiff therefore seeks general and

---

[13] *Id.* at ¶ 5.
[14] *Id.*
[15] *Id.* at Ex. E.
[16] *Id.* at ¶ 5.
[17] *Id.* at Ex. E.
[18] *Id.* at Ex. F.
[19] Pl.'s Compl., D.I. 1, at ¶ 4.
[20] *Id.* at ¶ 5.

special damages from Defendant, as well as costs, interests, and attorney's fees.

9. On December 30, 2016, Defendant filed a Motion for Summary Judgment. Defendant argues that summary judgment is appropriate because Plaintiff did not "comply with an essential condition precedent set forth in the policy" when Plaintiff failed to appear for two IMEs without providing any justification to Defendant.[21]

10. On January 31, 2017, Plaintiff filed a Response to Defendant's Motion for Summary Judgment. Plaintiff contends that summary judgment should be denied because "it was his impression that his benefits were already cutoff as of July, 2015."[22] Moreover, Plaintiff argues that summary judgment should be denied because Defendant was not substantially prejudiced by Plaintiff's material breach of the insurance policy.[23]

11. Superior Court Civil Rule 56(c) provides that summary judgment is appropriate when there is "no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." When considering a motion for summary judgment, the Court's function is to examine the record to determine whether genuine issues of material fact exist "but not to decide such

---

[21] D.I. 12, at ¶ 7.
[22] Pl.'s Resp. Mot. Summ. J., D.I. 20, at ¶ 5.
[23] *Id.* at ¶ 8.

5

issues."[24] The moving party bears the initial burden of demonstrating that the undisputed facts support its claims or defenses.[25] If the moving party meets its burden, then the burden shifts to the non-moving party to demonstrate that there are material issues of fact to be resolved by the ultimate fact-finder.[26]

12. Under Delaware law, "[i]n order for an insured to establish the contractual liability of an insurer for an alleged breach of an insurance agreement, a claimant must show that: (1) there was a valid contract of insurance in force at the time of the loss; (2) the insured has complied with all conditions precedent to the insurer's obligation to make payment; and (3) the insurer has failed to make payment as required under the policy."[27]

13. In the present case, Plaintiff cannot establish Defendant's contractual liability for a breach of contract due to Plaintiff's failure to comply with a condition precedent in the policy. The policy required Plaintiff to submit to an

[24] *Merrill v. Crothall-Am., Inc.*, 606 A.2d 96, 99 (Del. 1992).
[25] *Moore v. Sizemore*, 405 A.2d 679, 681 (Del. 1979).
[26] *Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).
[27] *Shaw v. Nationwide Ins.*, 2011 WL 6402200, at * 5 (Del. Super. Dec. 14, 2011) (citing *Casson v. Nationwide Ins. Co.*, 455 A.2d 361, 365 (Del. Super. 1982)). *See also Marrero v. State Farm Fire and Cas. Co.*, 2015 WL 5440513, at *2 (Del. Super. Sept. 14, 2015) ("Delaware Courts have held that before an insurer is required to make payments on a claim, the insured must comply with all statutory obligations, as well as all contractual conditions set forth in the policy."); *State Farm Fire & Cas. Co. v. Purcell*, 2013 WL 3354578, at *2 (Del. Super. Apr. 29, 2013) ("An insurance policy contract includes an implied covenant of good faith and fair dealing, which parties are liable for breaching 'when their conduct frustrates the overarching purpose of the contract by taking advantage of their position to control implementation of the agreement's terms.' This covenant includes a duty to promptly investigate and pay claims. On the other hand, an insured must also comply with the conditions precedent set forth in the policy by the insurer in order to establish contractual liability for breach of contract." (citations omitted)).

IME, "at [Defendant's] expense, by physicians of [its] choice, as often as [it] reasonably require[s]." After twice failing to find a doctor within Plaintiff's municipality, Defendant eventually found a doctor within one mile of Plaintiff's residence. Defendant requested Plaintiff to appear for an IME with this doctor on two separate occasions. In both of its requests, Defendant explicitly notified Plaintiff that two or more absences would result in a cancellation of Plaintiff's PIP benefits. Nevertheless, Plaintiff failed to appear for these two IMEs. Defendant subsequently notified Plaintiff that he breached a condition of the insurance policy. Because Plaintiff did not comply with a condition precedent contained within the insurance policy, Defendant is not obligated to provide Plaintiff with PIP benefits.[28]

THEREFORE, Defendant's Motion for Summary Judgment is **GRANTED**.

**IT IS SO ORDERED.**

_____
Ferris W. Wharton, J.

---

[28] The Court briefly notes that *Carriere v. Peninsula Indem. Co.*, 2000 WL 973134 (Del. Super. June 12, 2000) is distinguishable from the present case. Unlike the insurer in *Carriere*, Defendant here explicitly told Plaintiff that a failure to attend the scheduled IMEs would bar coverage. *Id.* at *1–*2. This case is also different from *Carriere* in that Defendant clearly identified the missed IMEs as its reason for denying Plaintiff coverage. *Id.* at *4. Therefore, Defendant cannot be found to have waived its right to rely on the missed IMEs as a basis to bar coverage. *See also id.* at *4 n.15 ("The Court is not saying that, as a general rule, missing one IME does not breach the duty to cooperate. It is also not saying that denial of coverage will not be upheld for missing only one IME or that there always is a duty to reschedule a missed IME.").

7