# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ALISON IAVARONE, | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. N18C-05-217 ALR |
| | ) | |
| EAGLE EYE HOME | ) | |
| INSPECTIONS, LLC, DDTM | ) | |
| REALTY LLP, d/b/a KELLER | ) | |
| WILLIAMS REALTY, and | ) | |
| ELIZABETH VASILIKOS, | ) | |
| Defendants. | ) | |

Submitted: March 10, 2020
Decided: April 29, 2020

***Upon Motions in Limine of Eagle Eye Home Inspections LLC,
DDTM Realty LLC, d/b/a Keller Williams Realty and Elizabeth Vasilikos***
**DENIED**

***Upon Motions for Summary Judgment of Eagle Eye Home Inspections LLC,
DDTM Realty LLC, d/b/a Keller Williams Realty and Elizabeth Vasilikos***
**DENIED**

## ORDER

Christopher H. Lee, Esquire, Blake Bennett, Esquire, Dean Roland, Esquire, Cooch & Taylor, P.A., Wilmington, Delaware, Attorneys for Plaintiff Alison Iavarone.

Justin Callaway, Esquire, Salmon, Ricchezza, Singer & Turchi, LLP, Wilmington, Delaware, Attorney for Defendant Eagle Eye Home Inspections, LLC.

Krista M. Reale, Esquire, Margolis Edelstein, Wilmington, Delaware, Attorney for Defendants DDTM Realty d/b/a/ Keller Williams Realty and Elizabeth Vasilikos.

**Rocanelli, J.**

This case involves residential property sold to Plaintiff Alison Iavarone ("Buyer") by Jerome O'Neill ("Seller") in Rehoboth Beach, Delaware pursuant to a written sale agreement ("Sale Agreement"). Buyer claims the stucco exterior of the house was deficient and has sued several persons and entities involved in the transaction, including the home inspection company Buyer retained, Eagle Eye Home Inspections, LLC ("Home Inspector");[1] Buyer's real estate agent, Elizabeth Vasilikos ("Buyer's Agent"); and the real estate company for which Buyer's Agent worked, DDTM Realty LLC, d/b/a Keller Williams Realty ("Buyer's RE Agency"). The case is scheduled for trial to begin on June 29, 2020. The parties have filed several pre-trial motions.

Buyer has identified two expert witnesses to support her claims: (i) Clayton Ridings for the standard of care for home inspectors ("Home Inspection Expert"); and (ii) Scott A. Deputy for the standard of care for residential real estate agents ("Real Estate Agent Expert"). Defendants challenge these expert witnesses and seek orders from the Court precluding their testimony at trial. Defendants also seek judgment as a matter of law on the grounds that Buyer cannot prove her case without

---

[1] Previously, this Court issued a decision granting partial summary judgment in favor of Home Inspector on the grounds that the home inspection contract limits Home Inspector's liability, if any, to the total cost of Home Inspector's inspection and report. *See Iavarone v. Eagle Eye Home Inspections, LLC*, 2019 WL 5692265 (Del. Super. Nov. 4, 2019).

the testimony of expert witnesses, as well as on the grounds that Buyer cannot establish causation.

## BUYER'S CLAIMS

On May 24, 2017, Buyer and Seller ratified the Sale Agreement which provides that any home inspection reports must be submitted to Seller within 10 days from the ratification date—no later than June 3, 2017. Buyer made arrangements for two inspections. Buyer hired Home Inspector to perform a visual home inspection, which Home Inspector completed on May 31, 2017. Buyer also hired Cogent Building Diagnostics ("Stucco Inspector") to perform an invasive stucco-specific inspection to take place on June 2, 2017. Buyer received a report from Home Inspector on June 1 and cancelled Stucco Inspector's inspection, which was scheduled for the next day.

There is a factual dispute regarding why the stucco inspection was cancelled.[2] According to Buyer, after receiving Home Inspector's report, Buyer expressed concerns regarding the stucco and told Buyer's Agent that Buyer wanted to move forward with the stucco inspection. According to Buyer, Buyer's Agent informed Buyer that she could not proceed with the stucco inspection because Home Inspector

---

[2] For the purposes of this decision, only Buyer's claims are relevant. *See Merrill v. Crothall-American, Inc.*, 606 A.2d 96, 99–100 (Del. 1992) ("[A] trial court when faced with a motion for summary judgment . . . must view the evidence in the light most favorable to the non-moving party[,] . . . accept[ing] the non-movant's version of any disputed facts.").

indicated that the stucco exterior was "serviceable." Buyer claims that she cancelled Stucco Inspector's inspection based on Buyer's Agent's representations and the "serviceable" notation in Home Inspector's report.

Buyer claims that she learned the property suffered from significant water-intrusion problems caused by deficient stucco shortly after moving into the property. Buyer alleges that Home Inspector breached the standard of care applicable to home inspectors by failing to recommend an invasive stucco inspection. Buyer also alleges that Buyer's Agent breached the standard of care applicable to residential real estate agents when Buyer's Agent (1) failed to advise Buyer to obtain an invasive stucco inspection as a contingency in the Sale Agreement and (2) represented to Buyer that the Stucco Inspector inspection could not go forward because Home Inspector's report did not reveal significant stucco issues.

## MOTIONS *IN LIMINE*

The admissibility of expert testimony is governed by Delaware Rule of Evidence 702, which provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;

4

(c)  the testimony is the product of reliable principles and methods; and

(d)  the expert has reliably applied the principles and methods to the facts of the case.[3]

Delaware has adopted the *Daubert* standard, which requires the trial court to determine whether the proffered evidence is both "relevant" and "reliable."[4]  To be "relevant," the evidence must "relate[] to an issue and . . . aid the fact finder."[5]  The reliability prong tests whether an expert has a reliable basis in the knowledge and experience of the relevant discipline.[6]  To determine whether the evidence is reliable, the trial judge may consider the following factors:   (1) whether the theory or technique has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) whether a technique has a high-known or potential rate of error and whether standards controlling its operation exist; and (4) whether the theory or technique enjoys acceptance within a relevant scientific community.[7]

---

[3] D.R.E. 702.

[4] *Tumlinson v. Advanced Micro Devices, Inc.*, 2013 WL 7084888, at *2 (Del. Super. Oct. 15, 2013) (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993)).

[5] *Id.*

[6] *See M.G. Bancorporation, Inc. v. Le Beau*, 737 A.2d 513, 521 (Del. 1999) (adopting the *Daubert* standard as the correct interpretation of Delaware Rule of Evidence 702).

[7] *Sturgis v. Bayside Health Ass'n Chartered*, 942 A.2d 579, 584 (Del. 2007) (citing *Daubert*, 509 U.S. at 595).

In addition to the *Daubert* factors, Delaware requires the trial judge to consider an additional five-step test to determine the admissibility of expert testimony.[8] The trial judge must determine that:

(1) the witness is qualified as an expert by knowledge, skill, experience, training, or education;
(2) the evidence is relevant;
(3) the expert's opinion is based upon information reasonably relied upon by experts in that particular field;
(4) the expert testimony will assist the trier of fact to understand the evidence or determine a material fact in issue; and
(5) the expert testimony will not create unfair prejudice or confuse or mislead the jury.[9]

The party seeking to introduce expert testimony bears the burden of establishing admissibility by a preponderance of the evidence.[10] The decision to admit expert testimony is not a conclusion that the expert's opinion is correct. Rather, the trial judge's role as gatekeeper[11] is limited to determining "whether the proponent of the evidence has demonstrated that scientific conclusions have been generated using sound and reliable approaches."[12] Expert opinions are admissible where they assist the trier of fact in understanding the facts or evidence presented at

---

[8] *Id.*
[9] *Id.*
[10] *Pavey v. Kalish*, 2010 WL 3294304, at *3 (Del. 2010); *Sturgis v. Bayside Health Ass'n*, 942 A.2d 579, 584 (Del. 2007).
[11] *Id.* at 583.
[12] *State v. McMullen*, 900 A.2d 103, 114 (Del. Super. 2006) (citing *In re Paoli R. R. Yard PCB Litig.*, 35 F.3d 717, 744 (3d Cir. 1994)).

trial[13] and are otherwise the relevant product of reliable methodology.[14] "Once the trial court has determined that a witness is competent to testify as an expert, challenges to the expert's skill or knowledge go to the weight to be accorded the expert testimony rather than its admissibility."[15] "Weight and credibility challenges, on the other hand, relate to an expert's skill or knowledge in being able to tie the facts of the case to the opinion he or she plans to give."[16]

### A.      Home Inspection Expert

Buyer's Home Inspection Expert states that Home Inspector breached the applicable standard of care by failing to advise Buyer to get a stucco-specific inspection prior to purchasing property. The opinion of Home Inspection Expert is challenged by Home Inspector who argues that the proposed testimony must be excluded because these "opinions are based on a non-existent standard."[17] In summary, Home Inspector's argument is that Home Inspection Expert's opinion is not valid because it is not a breach of the standard of care if a home inspector does

---

[13] *Pavey v. Kalish*, 2010 WL 3294304, at \*3 (Del. Aug. 23, 2010); *Ward v. Shoney's, Inc.*, 817 A.2d 799, 803 (Del. 2003); *Sweiger v. Del. Park, L.L.C.*, 2013 WL 6667339, at \*4 (Del. Super. Dec. 9, 2013).

[14] *Rodriguez v. State*, 30 A.3d 764, 769 (Del. 2011); *McNally v. State*, 980 A.2d 364, 368 (Del. 2009) *M.G. Bancorporation, Inc.*, 737 A.2d at 521.

[15] *Perry v. Berkley*, 996 A.2d 1262, 1270–71 (Del. 2010) (quoting *Sylla–Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 283 (8th Cir. 1995)).

[16] *Id.* at 1270.

[17] Def. Home Inspector Home Inspections, LLC's Mot. Lim. Preclude Test. Clayton Ridings 6.

not recommend invasive stucco inspections. In other words, Home Inspector challenges the conclusion reached by Home Inspection Expert, which goes to the weight of the evidence, not to its admissibility.

The Court is satisfied that Home Inspection Expert is an expert qualified by knowledge, skill, experience, training, and education. In addition, the testimony of Home Inspection Expert is relevant and will assist the jury in understanding the evidence and determining a fact in issue. The opinions of Home Inspection Expert are based on information reasonably relied on by experts in the field of home inspection. The opinion of Home Inspection Expert will not create unfair prejudice or confuse or mislead the jury.

Therefore, the testimony of Home Inspection Expert is admissible. Home Inspector can effectively cross-examine Home Inspection Expert at trial.

## B. Real Estate Agent Expert

Real Estate Agent Expert states that Buyer's RE Agency and Buyer's Agent breached the standard of care by failing to advise Buyer to get an invasive stucco inspection and also by advising Buyer that Buyer could not have such an inspection after receiving a "serviceable" rating from Home Inspector based on the visual inspection. The opinions of Real Estate Agent Expert are challenged by Buyer's RE Agency and Buyer's Agent on several grounds, all of which are addressed to the weight and not to the admissibility of the proposed testimony of Real Estate Agent

8

Expert. Specifically, Buyer's RE Agency and Buyer's Agent contend that Real Estate Agent Expert erroneously concludes that Buyer's Agent breached the standard of care by failing to recommend an invasive stucco inspection; that Real Estate Agent Expert is not qualified to offer expert testimony on this issue, despite his 23 years of experience as a Delaware real estate agent; that Real Estate Agent Expert's opinions are not reliable because they are not supported by written materials and "have never been put to the test";[18] and that Real Estate Agent Expert's opinions are not based on the facts of this case because Real Estate Agent Expert has not reviewed materials produced during discovery.

The Court is satisfied that Real Estate Agent Expert is an expert qualified by knowledge, skill, experience, training, and education. In addition, the testimony of Real Estate Agent Expert is relevant and will assist the jury in understanding the evidence and determining a fact in issue. The opinions of Real Estate Agent Expert are based on information reasonably relied on by experts in the field of residential real estate sales. The opinion of Real Estate Agent Expert will not create unfair prejudice or confuse or mislead the jury.

Therefore, the testimony of Real Estate Agent Expert is admissible. Buyer's RE Agency and Buyer's Agent can effectively cross-examine Real Estate Agent Expert at trial.

---

[18] Defs.' Mot. Lim. Preclude Test. Scott A. Deputy 6.

## MOTIONS FOR SUMMARY JUDGMENT

The Court may grant summary judgment only where the moving party can "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[19] A genuine issue of material fact is one that "may reasonably be resolved in favor of either party."[20] The moving party bears the initial burden of proof and, once that is met, the burden shifts to the non-moving party to show that a material issue of fact exists.[21] At the motion for summary judgment phase, the Court must view the facts "in the light most favorable to the non-moving party."[22] Summary judgment is only appropriate if plaintiff's claims lack evidentiary support such that no reasonable jury could find in plaintiff's favor.[23]

### A. Home Inspector's Motions for Summary Judgment

Home Inspector's first motion for summary judgment claims that Home Inspector is entitled to summary judgment because Buyer has failed to produce a liability expert competent to testify at trial. The Court has found the testimony of Home Inspection Expert to be admissible. Accordingly, Home Inspector's motion

---

[19] Super. Ct. Civ. R. 56(c).

[20] *Moore v. Sizemore*, 405 A.2d 679, 680–81 (Del. 1979).

[21] *Id.*

[22] *Brozka v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).

[23] *See Hecksher v. Fairwinds Baptist Church, Inc.*, 115 A.3d 1187, 1200–05 (Del. 2015); *Edmisten v. Greyhound Lines, Inc.*, 2012 WL 3264925, at *2 (Del. Aug. 13, 2012).

for summary judgment based upon Buyer's failure to produce a liability expert must fail.

Home Inspector's second motion for summary judgment claims that Buyer cannot prove that Home Inspector's failure to recommend an invasive stucco inspection caused Buyer's injuries. Home Inspector claims Buyer made the decision to cancel Stucco Inspector so that the failure to have a stucco inspection cannot be attributed to Home Inspector. Buyer claims that she will testify that she relied upon Home Inspector's report in making the decision to cancel Stucco Inspector. There is a genuine issue as to a material fact for presentation to the factfinder and summary judgment is improper.

**B.      Motion for Summary Judgment of Buyer's RE Agency and Buyer's Agent**

First, Buyer's RE Agency and Buyer's Agent argue that Buyer cannot establish a breach of the standard of care because Buyer has not produced admissible expert testimony on this issue. The Court has found the testimony of Real Estate Agent Expert to be admissible. Accordingly, Home Inspector's motion for summary judgment based upon Buyer's failure establish a breach of the standard of care must fail.

Second, Buyer's RE Agency and Buyer's Agent argue that they are entitled to judgment as a matter of law because Buyer cannot establish that they caused Buyer's injuries. Specifically, Buyer's RE Agency and Buyer's Agent point to

deposition testimony by Buyer conceding she was aware of potential problems associated with stucco prior to closing. Buyer's RE Agency and Buyer's Agent argue that Buyer cancelled the Stucco Inspector despite Buyer's awareness of those potential problems and, therefore, Buyer's Agent's alleged breaches did not cause Buyer to proceed with the property sale without adequate information. There is a genuine issue as to a material fact for presentation to a fact-finder and summary judgment is improper.

Third, Buyer's RE Agency and Buyer's Agent seek judgment limiting damages attributed to them to $10,000.[24] Buyer's RE Agency and Buyer's Agent claim that Buyer was aware of the risks associated with the purchase of a stucco home and, therefore, damages attributable to Buyer's RE Agency and Buyer's Agent should be limited to the liquidated damages that Plaintiff would have incurred if Buyer had defaulted on the Sale Agreement by proceeding with the scheduled stucco inspection. To limit damages attributable to Buyer's RE Agency and Buyer's Agent to $10,000, the Court would need to find that Buyer's Agent's failure to recommend a stucco-specific inspection did not cause Buyer's injuries. The facts surrounding the cause of Buyer's injuries remain in dispute. Accordingly, summary judgment is not proper.

---

[24] $10,000 is the amount that Buyer would have owed in liquidated damages had Buyer defaulted on the Sale Agreement.

12

**NOW, THEREFORE, this 29th day of April 2020:**

1.      Motion *in limine* of Defendant Eagle Eye Home Inspections, LLC to preclude the testimony of Clayton Ridings is hereby DENIED;

2.      Motion *in limine* of Defendant DDTM Realty LLC, d/b/a Keller Williams Realty and Defendant Elizabeth Vasilikos to preclude the testimony of Scott A. Deputy is hereby DENIED;

3.      Motion for summary judgment of Defendant Eagle Eye Home Inspections, LLC based upon Plaintiff Alison Iavarone's failure to produce a liability expert is hereby DENIED;

4.      Motion for summary judgment of Defendant Eagle Eye Home Inspections, LLC due to Plaintiff Alison Iavarone's failure to establish causation is hereby DENIED; and

5.      Motion for summary judgment of Defendant DDTM Realty LLC, d/b/a Keller Williams Realty and Defendant Elizabeth Vasilikos is hereby DENIED.

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____
**The Honorable Andrea L. Rocanelli**