# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LOST IN REHOBOTH, LLC, a Delaware limited liability company | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| BROADPOINT CONSTRUCTION, LLC, a Delaware limited liability company | ) ) ) | C.A. No. S21C-03-021 MHC |
| AND | ) ) | |
| FISHER ARCHITECTURE, LLC a Maryland limited liability company, | ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Submitted: April 23, 2024
Decided: May 23, 2024

*Upon Defendant Fisher Architecture, LLC's*

*Motion for Partial Summary Judgment,* **Granted.**

Edward Seglias, Esquire, COHEN, SEGLIAS, PALLAS, GREENHALL & FURMAN, P.C., Wilmington, Delaware, 19801, *Attorney for Plaintiff Lost in Rehoboth, LLC.*

Eric Scott Thompson, Esq., FRANKLIN & PROKOPIK, Newark, Delaware, 19711, *Attorney for Defendant Broadpoint Construction, LLC.*

Aaron E. Moore, Esquire, M. Claire McCudden, Esquire, MARSHALL DENNEHEY, P.C., Wilmington, Delaware, 19899, *Attorneys for Defendant Fisher Architecture, LLC.*

**CONNER, J.**

## INTRODUCTION

Before the Court is Defendant Fisher Architecture, LLC,'s ("Fisher") motion for partial summary judgment. The following recitation of facts is a simplification of a somewhat complex factual history focusing exclusively on the facts relevant to Fisher's motion.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff Lost in Rehoboth, LLC ("LIR") sought to construct and operate a restaurant on property owned by 232 Rehoboth Avenue, LLC ("232 Rehoboth"). 232 Rehoboth is not a party to this litigation. LIR and 232 Rehoboth entered into a ten-year ground lease which defined the rental terms including an option to renew the lease for four additional five-year terms. LIR hired Broadpoint Construction, LLC ("Broadpoint") to build the restaurant on the property. Broadpoint then contracted with Fisher to design the restaurant. Due to the alleged malfeasance of Broadpoint and Fisher, which is not relevant to the motion presently before the Court, LIR terminated the project on June 19, 2020. This termination constituted a breach of the ground lease.

On September 14, 2020, LIR and 232 Rehoboth entered into the Liquidating Agreement, which includes the following provisions:

3. Acknowledgment of Liability. LIR/AMG acknowledge liability to 232 Rehoboth for the Landlord Claims that could be asserted by 232 Rehoboth against LIR/AMG, and which 232 Rehoboth represents to include any and all claims on behalf of 232 Rehoboth against LIR/AMG, which Claims shall be fully liquidated as provided in the agreement as set forth herein….

4. Assignment of Landlord Claims and Representation of 232 Rehoboth Regarding Non-Assignment of Claims. 232 Rehoboth hereby forever assigns and transfers all of its rights and interests in the Landlord Claims to LIR to be pursued and liquidated in accordance with this Agreement….[1]

In the Liquidating Agreement LIR acknowledged liability to 232 Rehoboth for the breach of the ground lease giving rise to the claims for lost rental income.[2] Additionally, the Liquidating Agreement assigned 232 Rehoboth's rights and interests in the lost rent claims arising from the breached ground lease to LIR, the breaching and admittedly liable party.[3] The Liquidating Agreement further clarified that 232 Rehoboth and LIR agree to split the proceeds of the lost rental income claims fifty-fifty.[4] An expert witness opined the lost rental income owed by LIR to 232 Rehoboth ranges from $518,205 to $4,413,009.[5] Presently, LIR, the party who breached the ground lease, is pursuing 232 Rehoboth's lost rental income claims arising under the breach of the ground lease against Fisher.

---

[1] Liquidating Agreement at 6-7.
[2] *Id.* at 6
[3] Id. at 7.
[4] *Id.* at 9.
[5] Def. Fisher Architecture, LLC.'s Exhibit F at 10.

Ordinarily under these facts, a party in 232 Rehoboth's shoes would sue LIR for the lost rental income, who would in turn interplead Broadpoint and Fisher. LIR contends the Liquidation Agreement permits it to pursue 232 Rehoboth's claims against Fisher. Therefore, the ultimate question before the Court is whether LIR may recover lost rental income owed to 232 Rehoboth from Fisher, a party with no privity of contract between it and LIR and two degrees of separation between it and 232 Rehoboth. For the following reasons I find that there is no legal basis for LIR to recover damages for 232 Rehoboth's lost rent from Fisher. Therefore, I must grant Fisher's motion for partial summary judgment.

## STANDARD OF REVIEW

This Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[6] The moving party bears the burden of proof that no material issue of fact exists.[7] In considering this motion the Court must view the record in the light most favorable to the non-moving party.[8]

---

[6] *Del. Super. Ct. Civ. R.* 56(c).
[7] *Moore v. Sizemore*, 405 A.2d 679 (Del. 1979).
[8] *Merrill v. Crothall-American, Inc.*, 606 A.2d 96, 99 (Del. 1992).

4

## ANALYSIS

In the jurisdictions that recognize them, "[a] 'liquidation agreement' is a type of settlement agreement wherein the contracting parties liquidate or settle the dispute between them and agree to pass through some or all of the claims to a third party. Hence the name 'liquidation' or 'pass-through claims' agreement."[9]

LIR correctly states in its reply brief that parties in Delaware generally enjoy a broad freedom to contract.[10] "If there is one thing more than another which public policy requires it is that men of full age and competent understanding shall have the utmost liberty of contracting and that this freedom of contract shall not lightly be interfered with."[11] This is a correct statement of Delaware Law. Absent limited well-established black letter law exceptions, two competent parties may consent to an agreement with each other and be bound.

LIR argues that despite no case law affirmatively recognizing liquidation agreements in Delaware, the Liquidation Agreement is valid under Delaware's broad freedom to contract. Therefore, LIR argues the Liquidation Agreement allows 232 Rehoboth's rental claims to pass through LIR to Fisher thus bridging the two degrees of contractual separation between 232 Rehoboth and Fisher. The Court need not

---

[9] 3 Bruner & O'Connor Construction Law § 8:58, Liquidation or pass-through claims agreements (August 2023 Update).
[10] *State v. Tabasso Homes*, 28 A.2d 248, 252 (Del. Gen. Sess. 1942).
[11] *Id.* (internal citation omitted).

address the novel issue of Delaware's recognition of liquidation agreements because the Liquidation Agreement is invalid under the laws of jurisdictions which have affirmatively recognized them.

The Supreme Court of Texas established that a pass-through claim has three elements: (1) the pass-through claim must be brought by a party who has suffered damages; (2) against a responsible party with whom it has no contract; and (3) presented through an intervening party who has a contractual relationship with both.[12] "Pass-through claims are premised on a contractor's liability to its subcontractor; therefore, the contractor must have some liability upon which to base the pass-through claim."[13]

Applying this framework to our facts only the first two elements are met. 232 Rehoboth has suffered damages in the form of lost rent allegedly because of the actions of Fisher with whom 232 Rehoboth has no contract. However this matter is being presented to this court through LIR, a third-party intermediary that lacks the necessary contractual relationship with *both* 232 Rehoboth and Fisher (emphasis added). Even if Delaware Courts had expressly recognized such claims, absent such an intermediary, this pass-through claim must fail.

---

[12] *Interstate Contracting Corp. v. City of Dallas*, 135 S.W.3d 605, 610 (Tex. 2004).
[13] *Id*. at 619.

LIR implores the Court to analyze the facts of this matter under the liquidating agreement law of our "neighboring state" New Jersey.[14] New Jersey conflates pass-through claims and liquidation agreements.[15] Under New Jersey and New York laws a liquidation agreement must satisfy three elements:

> (1) the imposition of liability upon a party for a third parties increased costs, thereby providing the first party with a basis for legal action against the party at fault, (2) a liquidation of liability in the amount of the first party's recovery against the party at fault, and (3) a provision for the pass through of that recovery to the third party.[16]

Applying the facts at hand to this test, LIR and 232 Rehoboth's Liquidation Agreement fails to satisfy the first element. 232 Rehoboth's claims cannot pass through LIR to Fisher because LIR lacks privity with Fisher. Although such a requirement of privity is not express in the listed elements cited above, a deeper examination of New Jersey's initial adoption of this common law principle is revealing. When the Superior Court of New Jersey affirmatively recognized the legitimacy of liquidation agreements in 1975 it stated "the holdings [of the other jurisdictions we now follow] are soundly based in reason and equity.… the principle adopted by the cases is that the contractee should be responsible to the contractor for

---

[14] The ability to see Cape May from Cape Henlopen does not make the law of New Jersey any more persuasive than the law of Texas in a Delaware Courtroom.

[15] *Toys R Us, Inc. v. Schimenti Const. Co.,* 2015 WL 7783615, at *2 (N.J. Super. Ct. App. Div. Dec. 4, 2015) (holding a liquidation agreement "essentially amounted to what has been described as a pass-through claim").

[16] *Id.*

costs or damages resulting from the performance or breach of the contract, whether the contractor performed the work himself or sublet it to others."[17]

This principle of law is logically sound. Its stands for the contention that a contractee may enter into an enforceable liquidation agreement with a contractor and bargain for the right to recover from the subcontractor for breach of contract absent privity. The contractee's claims may "pass-through" the intermediary contractor to the subcontractor. Liquidation or pass-through claims agreements rely upon such an intermediary contractor to bridge the privity gap between contractee and subcontractor. Presently, LIR and 232 Rehoboth have a contract they claim to be a liquidation agreement. However, because there are two degrees of contractual separation between 232 Rehoboth and Fisher, no such intermediary contractor exists to bridge the gap. The Liquidation Agreement fails to meet the essential elements required and the claims have no legal basis upon which to pass through to Fisher.

## CONCLUSION

Delaware Courts have not affirmatively recognized the legitimacy of liquidation agreements and pass-through claims and I decline to do so today. Even if liquidation agreements are presumptively valid under Delaware's broad freedom of contract, the Liquidation Agreement between LIR and 232 Rehoboth cannot be

---

[17] *Buckley & Co., Inc. v. State*, 356 A.2d 56, 73 (N.J. Super. Ct. Law Div. 1975).

used to bridge the two degrees of contractual separation between 232 Rehoboth and Fisher. The purpose of pass-through claims is to simplify litigation and preserve judicial resources by allowing a contractee to recover from a sub-contractor with which it lacks privity through agreement with an intermediary contractor that shares privity with both parties. Presently, LIR is seeking to assert the claims of 232 Rehoboth against Fisher despite LIR having no contractual relationship with Fisher. Therefore, there is no legal basis under which LIR may pursue 232 Rehoboth's lost rent claims against Fisher and partial summary judgment must be **GRANTED**.

      **IT IS SO ORDERED.**

/s/ *Mark H. Conner*
Mark H. Conner, Judge

cc: Prothonotary