# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SHAYANA MCNAIR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | C.A. No. N19C-06-084 CLS |
| KHALIL WILLIAMS, and | ) | |
| ANTHONY M. TURNER | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Date Submitted: August 28, 2020
Date Decided: November 30, 2020

*Upon Defendants' Motion for Summary Judgment*
**DENIED.**

*Upon Plaintiff's Motion to Extend Discovery Deadlines*
**GRANTED.**

## Order

Gary S. Nitsche, Esquire, Weik Nitsche & Dougherty LLC, Wilmington, Delaware, Attorney for Plaintiff.

Robert T. Graney, Esquire, Graney, Chrissinger & Baumberger Law Offices, Wilmington, Delaware, Attorney for Defendant Khalil Williams.

David C. Malatesta, Jr., Esquire, Kent & McBride, Wilmington, Delaware, Attorney for Defendant Anthony Turner.

**SCOTT, J.**

Before the Court is Defendants' Motion for Summary Judgment and Plaintiff's Motion to Extend Discovery Deadlines. For the following reasons, the Defendants' Motion is **DENIED** and Plaintiff's Motion is **GRANTED**.

## BACKGROUND

Plaintiff Shayana McNair ("Ms. McNair") was a passenger in Mr. Williams' vehicle when she allegedly incurred personal injuries related to a motor vehicle accident on May 7, 2018. On June 11, 2019, Ms. McNair initiated this suit by filing a Complaint against Defendants Khalil Williams ("Mr. Williams") and Anthony M. Turner ("Mr. Turner").[1] On December 11, 2019, this Court entered a Trial Scheduling Order and scheduled a three-day trial to take place on April 14, 2021.

Ms. McNair's expert deadline was set for February 7, 2020. On September 25, 2019, Ms. McNair produced a "Narrative Report" from Dr. Damon Cary ("Dr. Cary"). It is unclear whether Ms. McNair's "narrative report" is an expert report, however Ms. McNair has stated that she produced the "narrative report" in her Rule 3h document production.[2] The Court has not received a copy of Dr. Cary's Narrative Report.

On July 15, 2020, after the close of discovery, Mr. Williams filed a Motion for Summary Judgment against Ms. McNair for Ms. McNair's failure to identify any

---

[1] Collectively, the "Defendants."
[2] Pl.'s Resp. to Def.'s Mot. For Summ. J. at p. 1.

experts by February 7, 2020 deadline. On July 23, 2020, Mr. Turner joined Mr. Williams in his Motion for Summary Judgment. On July 31, 2020, Ms. McNair filed a Motion to Extend the Discovery Deadlines. On August 12, 2020, Mr. Williams filed a Response to Ms. McNair's Motion to Extend the Discovery Deadlines. On August 18, 2020, this Court reserved decision and stated that the Court would issue its decision with the decision for the pending Motion for Summary Judgment. On August 28, 2020, Ms. McNair filed her Response to Mr. Williams' Motion for Summary Judgment.

## STANDARD OF REVIEW

Under Superior Court Civil Procedure Rule 56, summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[3] Summary judgment will not be granted if material facts are in dispute or if "it seems desirable to inquire more thoroughly into the facts to clarify the application of the law to the circumstances."[4]

The Court considers all facts in a light most favorable to the non-moving party.[5] In a Motion for Summary Judgment, the moving party bears the initial burden

---

[3] Super. Ct. Civ. R. 56(c).
[4] *Infante v. Horizon Servs., Inc.*, 2019 WL 3992101, at *1 (Del. Super. Aug. 23, 2019).
[5] *Id.*

2

of showing that there are no material issues of fact.[6] If the moving party makes this showing, then the burden shifts to the nonmoving party to show that there are material issues of fact.[7]

## PARTIES' ASSERTIONS

### A. Mr. Williams' Motion for Summary Judgment

Mr. Williams moves for summary judgment "on the ground that [Ms. McNair] has not produced evidence the support the essential elements of the allegations in her Complaint."[8]

Mr. Williams contends that, because Dr. Cary allegedly does not hold an active medical license, Dr. Cary is not a competent medical expert and precluded from testifying at trial. Notably, Mr. Williams uses no case law to support this contention. However, Mr. Williams does not stop here. Mr. Williams takes it one step further and states that, since Dr. Cary is not a competent medical expert, Ms. McNair has not identified a medical expert to establish proximate cause and, and a result, fails to make a *prima facie* case. In this statement, Mr. Williams implies here that a medical expert, in a personal injury matter arising from an automobile

---

[6] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).
[7] *Id.* at 681.
[8] Def.'s Mot. for Summ. J. at paragraph 1.

3

accident, must hold an active medical license to testify as to matters of proximate causation at trial.

## B. Ms. McNair's Response

Ms. McNair submits that Mr. Williams' Motion for Summary Judgment is premature and requests, pursuant to Superior Court Civil Rule 16, that the Scheduling Order be amended to accommodate further development of the record.[9]

Ms. McNair states that the reason for her Motion to Extend the Discovery Deadlines "is due to [Ms. McNair's] additional treatment with Dr. Lingenfelter at First State Orthopedics."[10]

Regarding the ability of Dr. Cary's ability to testify as to proximate causation, Ms. McNair claims that Mr. Williams' assertion is misleading because he confuses Dr. Cary's license to practice medicine and his controlled substance license. Ms. McNair states that "one can still practice medicine without a controlled substance license."[11] Moreover, Ms. McNair claims that the evidence supporting Mr. Williams' claim is contradictory because, although his controlled substance license indicates that his license is expired, the expiration date is listed as June 30, 2021. Last, Ms. McNair states that her "treatment with Dr. Cary and the narrative report

---

[9] Pl.'s Resp. to Def.'s Mot. for Summ. J. at p. 2.
[10] Pl.'s Resp. to Def.'s Mot. for Summ. J. at p. 2.
[11] Pl.'s Resp. to Def.'s Mot. for Summ. J. at p. 3.

authored by Dr. Cary was [created] while Dr. Cary ha[d] an active medical license."[12]

## DISCUSSION

### A. Motion for Summary Judgment

Rule 56(c) mandates the granting of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and one which that party will bear the burden of proof at trial."[13]

Whether Dr. Cary, Ms. McNair's medical expert, is qualified to testify as an expert witness concerns a material issue that this Court will approach closer to trial. It is unclear whether Dr. Cary is permanently suspended from practicing medicine. However, whether Dr. Cary has a license to practice medicine is not determinative of his ability to testify in this suit because an expert witness needs to only show qualification by knowledge, skill, experience, training, or education.[14]

### B. Motion for Extension of Discovery Deadlines

Trial is scheduled for April 14, 2021, but it is possible that this trial may be rescheduled for a later date due to COVID-19. Parties are to confer and submit an

---

[12] Pl.'s Resp. to Def.'s Mot. for Summ. J. at p. 4.
[13] *Manucci v. The Stop'n'Shop Companies, Inc.*, 1989 WL 48587, at *4 (Del. Super.).
[14] D.R.E. 702.

amended Scheduling Order to permit Ms. McNair a reasonable amount of time to identify experts and submit any necessary expert reports.

## CONCLUSION

For the forgoing reasons, Defendants' Motion for Summary Judgment is **DENIED** and Ms. McNair's Motion to Extend Discovery Deadlines is **GRANTED**.

**IT IS SO ORDERED.**

_____
**The Honorable Calvin L. Scott, Jr.**